[Cite as *Chaille v. Jones*, 2026-Ohio-2518.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JESS CHAILLE, | : | APPEAL NO. C-250668 |
| and | : | TRIAL NO. A-2404820 |
| JENNIFER CHAILLE, | : | |
| Plaintiffs-Appellees, | : | *JUDGMENT ENTRY* |
| vs. | : | |
| ROGER JONES, | : | |
| and | : | |
| DENHEISHA HARDING, | : | |
| Defendants-Appellants, | : | |
| and | : | |
| MARK SWITZER, | : | |
| AMY RODRIGUEZ, | : | |
| and | : | |
| CHILDREN'S HOSPITAL MEDICAL CENTER, | : | |
| | : | |
| Defendants. | | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the

## OHIO FIRST DISTRICT COURT OF APPEALS

Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/1/2026 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *Chaille v. Jones*, 2026-Ohio-2518.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


JESS CHAILLE,                            :          APPEAL NO.   C-250668
                                                    TRIAL NO.    A-2404820
  and                            :

JENNIFER CHAILLE,                        :

    Plaintiffs-Appellees,    :          *O P I N I O N*

  vs.                            :

ROGER JONES,                             :

  and                            :

DENHEISHA HARDING,                       :

    Defendants-Appellants,   :

  and                            :

MARK SWITZER,                            :

AMY RODRIGUEZ,                           :

  and                            :

CHILDREN'S HOSPITAL MEDICAL               :
CENTER,
                                         :
    Defendants.


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 1, 2026


*Kircher Law, LLC*, and *Konrad Kircher* for Plaintiffs-Appellees,

*Connie Pillich*, Hamilton County Prosecuting Attorney, *Pamela J. Sears, Amanda Bent,* and *Dmitriy Bikmayev,* Assistant Prosecuting Attorneys, for Defendants-Appellants,

**NESTOR, Judge.**

{¶1} Defendants-appellants Roger Jones and DenHeisha Harding bring this interlocutory appeal following the trial court's denial of their motion to dismiss. Jones and Harding are former employees of the Hamilton County Department of Job and Family Services ("JFS"). Plaintiffs-appellees allege that Jones and Harding failed to properly investigate reports of abuse against C.D., their adoptive child. Jones and Harding claim immunity from this lawsuit under R.C. 2744.03(A)(6). Because plaintiffs-appellees pleaded in their complaint that Jones and Harding were reckless, we affirm the trial court's judgment.

## I. Factual and Procedural History

{¶2} Plaintiffs-appellees, the Chailles, are the adoptive parents of C.D. The Chailles sued Jones and Harding as well as Cincinnati Children's Hospital, one of the hospital's employees, and C.D.'s alleged abuser. The Chailles brought one cause of action against Jones and Harding for negligent/reckless/wanton conduct in their capacity as social workers for JFS.

{¶3} Jones and Harding moved to dismiss the complaint. They argued they were immune as government employees under R.C. Ch. 2744. The Chailles sought leave to file their first amended complaint. The trial court granted the Chailles' motion to amend, but the count against Jones and Harding remained the same. The count read, "The conduct of Jones and Harding rose to the level of reckless or wanton conduct such that they are not entitled to immunity under R.C. Chapter 2744." The Chailles then sought to amend their complaint again. The trial court denied Jones and Harding's motion to dismiss and granted the Chailles' second motion to amend.

{¶4} Jones and Harding immediately appealed the trial court's denial of immunity. Jones and Harding raised one assignment of error. Below, the Chailles

filed their second amended complaint, and the language remained the same as the first two complaints except this time it included the specific statute. The complaint now stated, "The conduct of Jones and Harding rose to the level of reckless or wanton conduct such that they are not entitled to immunity under R.C. Chapter 2744.03(A)(6)(b)."

**{¶5}** After filing the second amended complaint, the Chailles filed a motion to dismiss this appeal arguing that it was premature. We denied the motion and asked the parties to address mootness in their merit briefs.

## II. Analysis

**{¶6}** Jones and Harding raise one assignment of error. They assert the trial court erred in denying them the benefit of immunity "by declining to determine whether Appellants had an actionable legal duty to protect C.D."

**{¶7}** We have jurisdiction to hear this appeal because "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." R.C. 2744.02(C). Further, the Ohio Supreme Court has held, "[T]he plain language of R.C. 2744.02(C) does not require a final denial of immunity before the political subdivision has the right to an interlocutory appeal." *Hubbell v. Xenia*, 2007-Ohio-4839, ¶ 12.

**{¶8}** "Our review 'is limited to the review of alleged errors that involve the denial of the benefit of an alleged immunity from liability.'" *Thomas v. Covrett*, 2025-Ohio-2058, ¶ 8 (1st Dist.), quoting *Hill v. Schildmeyer*, 2024-Ohio-3261, ¶ 14 (1st Dist.), and *Doe v. Licate*, 2019-Ohio-412, ¶ 28-29 (11th Dist.). "[W]e only have jurisdiction in this interlocutory appeal to review . . . the propriety of the trial court's denial of appellants' motion[.]" *Holmes v. Cuyahoga Community College*, 2021-Ohio-

6

687, ¶ 26 (8th Dist.).

### A. Mootness

**{¶9}** After the Chailles filed a motion to dismiss this appeal, we denied their motion and asked the parties to address the issue of mootness. Specifically, we asked if the second amended complaint rendered this appeal moot. Both parties agree that it did not. While the Chailles attempted to dismiss this appeal as premature, the second amended complaint did not render the appeal moot. *See generally, e.g., Fried v. Friends of Breakthrough Schools*, 2020-Ohio-4215, ¶ 12 (8th Dist.) (stating an exception to mootness that a substantially identical amended complaint does not moot a motion to dismiss the prior complaint).

**{¶10}** We can review the trial court's denial of immunity in an interlocutory appeal. This appeal is ripe for review. The question before us is whether the Chailles pled recklessness.

### B. Assignment of Error

**{¶11}** We review a trial court's denial of a motion to dismiss and claims of R.C. Ch. 2744 immunity de novo. *Thomas*, 2025-Ohio-2058, at ¶ 8 (1st Dist.). "Under R.C. 2744.03(A)(6), employees of political subdivisions are immune from liability unless the employee's acts or omissions were made with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" *Id.* at ¶ 9. When considering a motion to dismiss, "[t]he factual allegations of the complaint and items properly incorporated therein must be accepted as true." *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 280 (1995).

**{¶12}** In *Thomas*, this court held, "'[W]hen a complaint invokes [an] exception to a government employee's immunity under R.C. 2744.03(A)(6)(b), notice pleading suffices and the plaintiff may not be held to a heightened pleading standard[.]'"

*Thomas* at ¶ 14, quoting *Maternal Grandmother, ADMR v. Hamilton Cty. Dept. of Job & Family Servs.*, 2021-Ohio-4096, ¶ 17. In *Thomas*, the trial court denied the defendants' claim of immunity because the plaintiff alleged the defendants acted recklessly. *Id.* At that point in the proceedings, all allegations were accepted as true. *Id.* at ¶ 10. Since the plaintiff alleged recklessness, the defendants could not overcome the claim by asserting immunity at that point in the proceedings. *Id.* at ¶ 14.

{¶13} The same is true here. The Chailles have alleged in every version of their complaint, "The conduct of Jones and Harding rose to the level of reckless or wanton conduct such that they are not entitled to immunity[.]" Just like the defendants in *Thomas*, the Chailles have "put [Jones and Harding] on notice that an exception to [their] statutory immunity '*might* apply.'" (Emphasis in original.) *Id.* at ¶ 14, quoting *Morelia Group-De, LLC v. Weidman*, 2023-Ohio-386, ¶ 16 (1st Dist.). In addition to the recklessness language in each count, the complaint sets forth numerous facts that, if accepted as true, could potentially rise to the level of recklessness. The Chailles have met their burden and pleaded recklessness.

{¶14} Jones and Harding asked the court below and now ask this court to "determine whether Appellants had an actionable legal duty to protect C.D. from possible harm inflicted by his legal custodians." Jones and Harding argue they had no duty to C.D. If there was no duty, then it is immaterial whether Jones and Harding acted recklessly, wantonly, or willfully.

{¶15} Jones and Harding point to *Estate of Graves v. City of Circleville*, 2010-Ohio-168, to argue that they did not have a duty to C.D. However, *Graves* does not support their argument. The main issue in *Graves* was whether the public-duty rule was applicable to police officers' immunity defense. *Graves* at ¶ 28. The Court held that it was not because the public-duty rule was only applicable to events that occurred

8

before R.C. Ch. 2744 was enacted. *Id*. at ¶ 12. The officers argued for the public-duty rule because there were genuine issues of material fact as to whether they were reckless, so the plaintiff's claim survived summary judgment under R.C. Ch. 2744. *Id*. at ¶ 28.

**{¶16}** Jones and Harding ask us to hold that they had no duty to C.D. We cannot do so. That goes beyond the scope of what is permissible because "[o]ur review 'is limited to the review of alleged errors that involve the denial of the benefit of an alleged immunity from liability.'" *Thomas*, 2025-Ohio-2058, at ¶ 8 (1st Dist.), quoting *Schildmeyer*, 2024-Ohio-3261, at ¶ 14 (1st Dist.), and *Doe*, 2019-Ohio-412, at ¶ 28-29 (11th Dist.). Because the Chailles sufficiently pleaded recklessness in their complaint, Jones and Harding are not entitled to immunity at this point in the proceedings.

**{¶17}** We overrule appellants' sole assignment of error.

### III. Conclusion

**{¶18}** Having overruled the sole assignment of error, we affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **MOORE, J.,** concur.